Brady, Patrick F., J.

INTRODUCTION

Plaintiffs, Andrew and Hannelore Lyasoff (“Lyasoffs”), purchased a condominium at the Brook House in Brookline from defendant, Shelley Rubin (Rubin).
Patricia Bottaiy (“Bottaiy”) was the listing broker, and William Apostólica (Apostólica) was Rubin’s attorney. Attorney Marian Glaser (“Glaser”) represented the Lyasoffs. The Lyasoffs allege that Bottaiy told them that she was not aware of any plans for the building that would require special assessments to be paid and that there were not any structural problems in the building that needed repair. The Lyasoffs and Rubin signed a Purchase and Sale Agreement (“P&S”), paragraph 41 of which contained seller’s representations that there was no assessment currently pending or contemplated, and that the seller had no knowledge of any intended special assessment. The closing took place on June 30, 2006. Shortly thereafter, the Lyasoffs learned that a letter dated June 12, 2006, had been sent to all Brook House unit owners, stating that pipes and fan coils needed to be replaced, at an approximate total cost of thirty-six million dollars. The Lyasoffs allege that their assessment is estimated at $80,000. The Lyasoffs brought an action against Rubin and Bottaiy for fraud and deceit, misrepresentation, negligent misrepresentation, and violations of M.G.L.c. 93A. Rubin brought a third-party claim for indemnity and contribution against Apostólica and the law firm of Apostólica, Donovan & Donovan, L.L.P. In August 2007, Bottaiy sent Glaser a notice that Glaser’s deposition would be taken. Glaser, who represents the Lyasoffs in this action, now moves for a protective order to prevent Bottaiy from deposing her.

DISCUSSION

Glaser relies on Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986), for the standard governing when it is appropriate to take the deposition of opposing counsel. There, the court held that opposing counsel should only be deposed when the party seeking to take the deposition has shown that “1) no other means exist to obtain the information than to depose opposing counsel; 2) the information sought is relevant and nonprivileged; 3) the information is crucial to the preparation of the case.” Shelton, 805 F.2d at 1327 (citation omitted). Bottary has not met that standard. She states in her brief that in order to determine whether Glaser should be added as a defendant, she seeks information about steps Glaser may or may not have taken during her representation of the Lyasoffs in the real estate transaction, including reviewing the condominium association meeting minutes, reviewing the Brookhouse budget, inquiring into any pending special assessments, and drafting docu *320 ments. This information is available through other means, such as interrogatories to the plaintiffs asking whether they or anyone on their behalf reviewed the meeting minutes or engaged in similar research or investigation.
Bottaiy raised an argument at the hearing that was not raised in the briefs: that Glaser’s deposition is needed to determine the circumstances surrounding the lack of a survival clause in paragraph 41 or the P&S.[4] Paragraph 13 of the P&S contains a merger clause that “merges into the deed every agreement and obligation except ‘such as are, by the terms [thereof], to be performed after the delivery of said deed.’ Solomon v. Birger, 19 Mass.App.Ct. 634, 642 (1985). Even if paragraph 41 does not survive delivery of the deed, a tort remedy is still available to the Lyasoffs if there were misrepresentations. Solomon, 19 Mass.App.Ct. 643. Information about paragraph 41 is not crucial to the defendants’ case and is not a reason to permit Glaser’s deposition.

ORDER

It is ORDERED that Attorney Marian H. Glaser’s Emergency Motion for a Protective Order is ALLOWED.

Paragraph 40, regarding seller’s representations as to code violations, contains a clause stating, “The Seller’s representations under this paragraph shall survive delivery of the deed.” No other paragraph contains such a clause.